IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MICHAEL JAMES SIEMER, | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-97 |
| v. | |
| SHERIFF JIM PROCTOR; MAJOR MASTROLANNI; SERGEANT ERIC WATSON; OFFICER Z. PRESTLEY; and NURSE DEANNA LNU, all in their individual and official capacities, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order, doc. 12, and frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DENY** Plaintiff's Motion and **DISMISS** Plaintiff's claims against Sheriff Jim Proctor, Major Ronnie Mastrolanni, Sgt. Eric Watson, and Nurse Deanna LNU. However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plainitff's excessive force claim against Defendant Prestley by separate Order.

### PLAINTIFF'S CLAIMS[1]

Plaintiff alleges Defendant Prestley beat him multiple times in March 2017 while he was confined at the Camden County Public Safety Complex. Doc. 1 at 8. Specifically, Plaintiff

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

asserts that on several occasions Defendant Prestley cuffed him, beat him, threatened him, and dragged him by the feet from a holding cell to the booking area and put him in a restraining chair and continued beating him. Id. Defendant Prestley refused to give Plaintiff medical attention and would taunt Plaintiff when he would pass his cell. Plaintiff asserts the other Defendants saw his injuries after Defendant Prestley assaulted him but makes no specific allegation against any Defendant except Defendant Prestley. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Claims Against Defendants Proctor, Mastrolanni, Watson, and Nurse Deanna**

Plaintiff names Sheriff Jim Proctor, Major Mastrolanni, Sgt. Eric Watson, and Nurse Deanna as Defendants in his suit.  A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face."  Twombly, 550 U.S. at 570.  While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'"  Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-cv-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiff does not state any facts related to Defendants Proctor, Mastrolanni, Watson, and Nurse Deanna.  Plaintiff simply names these Defendants in his Complaint, which is authored on a standard § 1983 complaint form.  Doc. 1 at 1.  Because Plaintiff states no facts related to these Defendants, I **RECOMMEND** the Court **DISMISS** his claims against them.

II. **Plaintiff's Motion for Temporary Restraining Order**

To be entitled to a temporary restraining order, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or

protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims. Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts

before it. Accordingly, the Court should **DENY** Plaintiff's Motion for a Temporary Restraining Order.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order and **DISMISS** Plaintiff's claims against Defendants Proctor, Mastrolanni, Watson, and Nurse Deanna. Plaintiff's excessive force claim against Defendant Prestley may proceed, and service shall be directed in a contemporaneously filed Order.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 1st day of May, 2020.

      _____
      BENJAMIN W. CHEESBRO
      UNITED STATES MAGISTRATE JUDGE
      SOUTHERN DISTRICT OF GEORGIA